| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC, | |
| Plaintiff, | Case No. 6:21-cv-01352 |
| v. | **JURY TRIAL DEMANDED** |
| QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendants Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Defendants" or "Qualcomm"):

## INTRODUCTION

1. This complaint arises from Qualcomm's unlawful infringement of the following United States patent owned by Plaintiff, which generally relate to integrated circuits and power-saving features therefor: United States Patent Nos. 7,685,439 ("'439 Patent") and 8,099,614 ("'614 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business

1

at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

3.     Qualcomm Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121.  Qualcomm Inc. may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., at 251 Little Falls Dr., Wilmington, Delaware, 19808.

4.     Qualcomm Technologies, Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121. Qualcomm Technologies, Inc. may be served with process through its registered agent, Corporation Service Company, at 251 Little Falls Dr., Wilmington, Delaware 19808. Qualcomm Technologies, Inc. is a wholly owned subsidiary of Qualcomm Inc. Qualcomm Technologies, Inc. operates, along with its subsidiaries, substantially all of Qualcomm's engineering, research and development functions, and substantially all of its products and services businesses.[1]

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Qualcomm in this action because Qualcomm has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Qualcomm would not offend traditional notions of fair play and substantial justice. Qualcomm, directly and through

---

[1] See Qualcomm Inc. Annual Report – Form 10-K, at 14 (Sept. 29, 2019), https://investor.qualcomm.com/sec-filings/annual-reports/content/0001728949-19-000072/0001728949-19-000072.pdf.

subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have at least a regular and established place of business in this District at 9600 N. Mopac Expressway, Ste 900, Stonebridge Plaza II, Austin, Texas 78759.

## FACTUAL ALLEGATIONS

8. Plaintiff made several attempts to engage Qualcomm in negotiations, putting Qualcomm on notice of the Asserted Patents.

9. On July 15, 2014, Plaintiff sent a notice letter to Qualcomm asserting the infringement of two of Plaintiff's patents.

10. On October 3, 2016, the parties met and discussed Plaintiff's patent portfolio. At that meeting Plaintiff notified Qualcomm of the infringement of seven additional patents.

11. On January 23, 2019, Plaintiff sent a second notice letter to Qualcomm asserting the infringement of seven patents, including the '439 Patent and the '614 Patent.

12. Despite these efforts, Qualcomm refused to discuss appropriate terms for a license to Plaintiff's patents. Thus, Plaintiff was left with no recourse but to file this lawsuit to protect its valuable assets.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,685,439

13.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,685,439 (the "'439 Patent"), entitled "Method for Effecting the Controlled Shutdown of Data Processing Units." The '439 Patent was duly and legally issued by the United States Patent and Trademark Office on March 23, 2010. A true and correct copy of the '439 Patent is attached as Exhibit 1.

15.     On information and belief, Qualcomm makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '439 Patent.

16.     Qualcomm also knowingly and intentionally induces infringement of at least Claim 1 of the '439 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Qualcomm and the filing and service of this Complaint, Qualcomm has had knowledge of the '439 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '439 Patent, Qualcomm continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '439 Patent. Qualcomm does so knowing and intending that its customers and end users will commit these infringing acts. Qualcomm also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '439 Patent, thereby specifically intending for and inducing its

customers to infringe the '439 Patent through the customers' normal and customary use of the Accused Products.

17. Qualcomm has also infringed, and continues to infringe, at least Claim 1 of the '439 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '439 Patent, are especially made or adapted to infringe the '439 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Qualcomm has been, and currently is, contributorily infringing the '439 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

18. The Accused Products satisfy all claim limitations of one or more claims of the '439 Patent. A claim chart comparing independent claim 1 of the '439 Patent to representative Accused Products (including but not limited to the Qualcomm Snapdragon 730G) is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

19. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Qualcomm has injured Plaintiff and is liable for infringement of the '439 Patent pursuant to 35 U.S.C. § 271.

20. As a result of Qualcomm's infringement of the '439 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Qualcomm's infringement, but in no event less than a reasonable royalty for the use made of the invention by Qualcomm, together with interest and costs as fixed by the Court.

21. Qualcomm also had knowledge of or has been willfully blind to its infringement of the '439 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '439 Patent.

22.     Qualcomm also had actual or constructive knowledge of Future Link's rights in the '439 Patent due to, for example, Future Link's communications with Qualcomm as detailed in the Factual Allegations.

23.     Qualcomm's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '439 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 8,099,614**

24.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,099,614 (the "'614 Patent"), entitled "Power Management for Buses in CMOS Circuits." The '614 Patent was duly and legally issued by the United States Patent and Trademark Office on January 17, 2012. A true and correct copy of the '614 Patent is attached as Exhibit 3.

26.     On information and belief, Qualcomm makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '614 Patent.

27.     Qualcomm also knowingly and intentionally induces infringement of at least Claim 1 of the '614 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Qualcomm and the filing and service of this Complaint, Qualcomm has had knowledge of the '614 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '614 Patent, Qualcomm continues to actively encourage and instruct its

6

customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '614 Patent. Qualcomm does so knowing and intending that its customers and end users will commit these infringing acts. Qualcomm also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '614 Patent, thereby specifically intending for and inducing its customers to infringe the '614 Patent through the customers' normal and customary use of the Accused Products.

28.     Qualcomm has also infringed, and continues to infringe, at least Claim 1 of the '614 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '614 Patent, are especially made or adapted to infringe the '614 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Qualcomm has been, and currently is, contributorily infringing the '614 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

29.     The Accused Products satisfy all claim limitations of one or more claims of the '614 Patent. A claim chart comparing independent claim 1 of the '614 Patent to representative Accused Products (including but not limited to the Qualcomm Snapdragon 730G) is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

30.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Qualcomm has injured Plaintiff and is liable for infringement of the '614 Patent pursuant to 35 U.S.C. § 271.

31.     As a result of Qualcomm's infringement of the '614 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Qualcomm's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Qualcomm, together with interest and costs as fixed by the Court.

32.     Qualcomm also had knowledge of or has been willfully blind to its infringement of the '614 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '614 Patent.

33.     Qualcomm also had actual or constructive knowledge of Future Link's rights in the '614 Patent due to, for example, Future Link's communications with Qualcomm as detailed in the Factual Allegations.

34.     Qualcomm's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '614 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Qualcomm has infringed, either literally and/or under the doctrine of equivalents, the '439 and '614 Patents;

b.     A judgment and order requiring Qualcomm to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Qualcomm's infringement of the '439 and '614 Patents; and

c.     A judgment and order requiring Qualcomm to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Qualcomm;

e.      An award of enhanced damages to Plaintiff as a result of Qualcomm's willful infringement; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: December 22, 2021          Respectfully submitted,

/s/ Reza Mirzaie
 Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Future Link Systems, LLC*